J-A09023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| M.W. & A.W. v. H.W., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| APPEAL OF: R.F. & S.F. | |
| Appellant | No. 1741 MDA 2016 |

Appeal from the Order Entered September 26, 2016
In the Court of Common Pleas of Mifflin County
Civil Division at No(s): CP-44-CV-0000869-2012

BEFORE: SHOGAN, OTT, and STABILE, JJ.

JUDGMENT ORDER BY SHOGAN, J.:                    **FILED MAY 19, 2017**

R.F. and S.F. ("Paternal Grandparents") appeal the September 26, 2016 order of the Court of Common Pleas of Mifflin County denying their Petition for Emergency Custody ("Custody Petition") of their two minor grandchildren ("Children"). In the order, the trial court consolidated the Custody Petition with a complaint for custody ("Custody Complaint") filed by M.W. and A.W. ("Maternal Grandparents") in Mifflin County on July 19, 2012, and denied the Custody Petition due to a pending custody action between the Children's biological parents[1] in Bucks County. We reverse and remand.

---

[1] H.W., the Children's biological mother ("Mother"), filed a custody complaint against the Children's biological father, Z.F. ("Father"), in Bucks County in 2011. Mother and Father appeared before the Bucks County trial court on October 14, 2011, when the trial court entered a temporary order granting Father sole legal and physical custody of the Children. Neither a petition to transfer venue nor a final order has been filed in the Bucks

*(Footnote Continued Next Page)*

Upon review, we hold that Bucks County did not have continuing, exclusive jurisdiction because the Children have not lived in Bucks County for at least six months prior to the filing of the Custody Petition. Therefore, the trial court erred in determining that Mifflin County was not a proper venue. Standby Guardianship Act, 23 Pa.C.S. § 5612(c); Uniform Child Custody Jurisdiction and Enforcement Act, 23 Pa.C.S. § 5422(a)(2); and Pa.R.C.P. 1215.2. Moreover, the Mifflin County Court of Common Pleas erred in declining to exercise jurisdiction over the Custody Petition. Accordingly, we reverse the order denying the Custody Petition and remand to the Mifflin County Court of Common Pleas to address the Custody Petition.[2]

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/19/2017

_____

*(Footnote Continued)*

County action. Father passed away on September 3, 2016, leaving the Children in the care and custody of Paternal Grandparents.

[2] Given that the trial court dismissed the Custody Petition on jurisdictional grounds and our reversal of that dismissal, we decline to address the merits of the issues raised in this appeal.